IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BETTY STOCKDALE., <br><br> Plaintiff, <br><br> v. <br><br> STERLING JEWELERS, INC., d/b/a KAY JEWELERS, <br> SIGNET JEWELERS LIMITED d/b/a SIGNET SERVICE PLANS, INC.; and COMPANY 1 <br><br> Defendants. | Civil Action File No.: <br><br><br> **TRIAL BY JURY DEMANDED** |

PLAINTIFF'S FIRST COMPLAINT FOR DAMAGES

Plaintiff Betty Stockdale., by and through undersigned counsel, and files this Plaintiff's Complaint for Damages against Defendants Sterling Jewelers, Inc. d/b/a Kay Jeweler (hereinafter, "Kay's," or "Sterling Jewelers"); Signet Jewelers Limited d/b/a Signet Service Plans, Inc. (hereinafter, "Signet," or "Signet Jewelers,"); and Company 1 (collectively, "Defendants" or "Employers"), showing the Court as follows:

## **PRELIMINARY STATEMENT**

1.

Plaintiff brings this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.* and under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), asserting claims for discrimination. Plaintiff seeks injunctive and declaratory relief, back pay, lost benefits, front pay, liquidated damages, and attorneys' fees and cost of litigation.

## **JURISDICTIONAL STATEMENT**

2.

Plaintiff's claims present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

3.

All conditions precedent to file suit have been fulfilled.

4.

On or about November 10, 2020, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or about June 16, 2022, Plaintiff received a Notice of Right to Sue from the EEOC. This action was filed within ninety (90) days of Plaintiff's receipt of said Notice. See, Exhibit A.

## VENUE

5.

Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) and also pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), as Defendants have contacts throughout the State of Georgia, may be served with process of service through its registered agent within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

6.

Plaintiff Betty Stockdale is a 76-year-old woman, United States citizen, a State of Georgia resident, and submits herself to the jurisdiction of the Court.

7.

Plaintiff is a qualified individual with a disability within the meaning of the ADA.

8.

At all relevant times, Plaintiff was an "employee" within the meaning of the laws at issue in this matter and is accordingly entitled to the protection of said laws.

9.

At all relevant times, Plaintiff was over the age of 40.

10

Defendant Sterling Jewelers is a foreign corporation that transacts business as Kay's Jewelers in the State of Georgia and may be served with summons and a copy of the Complaint by delivering process to their registered agent, CT Corporation System at 289 S. Culver St, Lawrenceville, GA, 30046.

11.

Defendant Signet Service Plans, Inc. is a foreign corporation that transacts business as Signet Jewelers Limited d/b/a Kay's Jewelers in the State of Georgia and may be served with summons and a copy of the Complaint by delivery process to their registered agent, CT Corporation System at 289 S. Culver St, Lawrenceville, GA, 30046.

12.

At all relevant times, employees of Defendants acted as agents and servants for Defendants.

13.

At all relevant times, Defendants were joint employers.

14.

At all relevant times, employees of Defendants were acting within the scope of their employment and authority as directed by Defendant.

15.

Defendant Kay's is and has been for all relevant times an "employer" and/or "person" within the meaning of the laws at issue in this matter and is thus subject to said laws.

16.

Defendant Signet is and has been for all relevant times an "employer" and/or "person" within the meaning of the laws at issue in this matter and is thus subject to said laws.

17.

At all relevant times, Defendants have been employers employing more than 20 employees.

18.

This Honorable Court has personal jurisdiction over the Defendants.

**FACTS**

19.

On or about June 2, 2014, Defendants hired Plaintiff as a Sales Associate (also referred to as Jewelry Consultant).

20.

At all relevant times of employment with Defendants, Plaintiff suffered from arthritis, and residual ailments due to previous shoulder and hip replacements qualifying her for handicap sticker/permit on her vehicle.

21.

In July 2019, Plaintiff suffered from a fall during the course of employment with Defendant requiring accommodations, including extended breaks and shorter shifts in order to perform the duties of her position.

22.

At all relevant times, Plaintiff was fully qualified for her position and performed her duties satisfactorily with accommodations.

23.

At all relevant times, Plaintiff was a Sales Associate at the Kay's Jewelers store number 02761 located at 1109 S. Park Street Carrolton, Georgia 30117, (hereinafter, "the Carrolton store").

24.

On or about March 14, 2020, Plaintiff tripped and fell over a cord at the Carrolton Store causing injury to her left knee.

25.

At all relevant times, Plaintiff was the oldest Sales Associate (also referred to as Jewelry Consultant) at the Carrolton Store.

26.

At all relevant times, Plaintiff was the only Sales Associate over the age of 40.

27.

On or about March 23, 2020, the Carrolton store was closed because of COVID19.

28.

On or about April 5, 2020, Plaintiff was furloughed.

29.

On or about April 5, 2020, all employees at the Carrolton store were furloughed. Defendants communicated to employees, including Plaintiff, that the furlough was temporary.

30.

Several Sales Associates quit prior to the end of the furlough period.

31.

On or about July 24, 2020, while still on furlough, Plaintiff was informed that she was being terminated from her position.

32.

Thereafter, the remaining furloughed Sales Associates who had not previously quit, were asked to return to the Carrolton Store for work.

33.

All Sales Associates there were asked to return after furlough were under the age of 40.

34.

All Sales Associates that were asked to return after furlough had less seniority than Plaintiff.

35.

No Sales Associate that was asked to return from furlough had a disability.

36.

No Sales Associate that was asked to return from furlough required accommodations to perform their job.

37.

On or around August 16, 2020, Defendants told the Department of Labor that Plaintiff was terminated for lack of work.

38.

At or around the same time, Defendants posted job ads in several online platforms for a new sales associate/jewelry consultant for the Carrolton store.

39.

The individual(s) hired because of the ads was under the age of 40 at time of hire.

40.

The individual(s) hired immediately after Defendants lifted the Furlough were under the age of 40 at the time.

41.

The individual(s) hired after Plaintiff was terminated were under the age of 40 at the time.

42.

The individual(s) hired because of the ads was not a disabled individual.

43.

The individual(s) hired after Plaintiff was terminated was not a disabled individual.

44.

The individual(s) hired immediately after Defendants lifted the Furlough was not a disabled individual.

45.

The individual(s) hired because of the ads did not require ADA accommodations to perform the job.

46.

The individual(s) hired after Plaintiff was terminated did not require ADA accommodations to perform the job.

47.

The individual(s) hired immediately after Defendants lifted the Furlough did not require ADA accommodations to perform the job.

## **COUNT I – ADEA**

48.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 47 above as if fully restated herein.

49.

Plaintiff is a seventy-six-year-old and at all relevant times, was an employee as provided in the Age Discrimination In Employment Act (ADEA).

50.

The Defendants are required to comply with the ADEA.

51.

The ADEA protections apply to the Plaintiff.

52.

At the time of her termination, Plaintiff was qualified for the position she held as a Sales Associate.

53.

At the time the furlough was lifted, Plaintiff was qualified for the position she held as a Sales Associate.

54.

At the time the Defendants was hiring for Sales Associate positions, Plaintiff was qualified for the position she held as a Sales Associate.

55.

Defendants harbored a discriminatory animus towards older employees, especially those over 40 years old, under their supervision.

56.

Defendants allowed a discriminatory environment and discriminatory actions by employees.

57.

Defendants' policies and practice had a negative impact on Plaintiff and was not based on a reasonable factor other than age.

58.

Plaintiff's supervisors, Christina Marcuinas and Kimberly Tepper, harbored a discriminatory animus towards older employees under their supervision, especially those over 40 years old.

59.

Ms. Marcuinas and Ms. Tepper discriminated against Plaintiff in violation of ADEA by, inter alia, terminating Plaintiff's employment.

60.

Ms. Marcuinas and Ms. Tepper's discriminatory actions were authorized, ratified, and condoned by Defendants.

61.

As a result of Defendants' discrimination, Plaintiff has incurred and continues to incur lost wages, benefits, and decreased job prospects.

62.

In discriminating against Plaintiff, Defendants acted willfully and intentionally to harm Plaintiff and her federally protected rights. Additionally, and in the alternative,

Defendants acted with reckless disregard for Plaintiff and her federally protected rights.

63.

Plaintiff is entitled to an award of back pay and benefits, front pay, liquidated damages, injunctive relief, attorneys' fees and cost of litigation, and all other appropriate damages, remedies and other relief available under the ADEA and all federal statutes providing remedies for violations of the ADEA.

### **COUNT II – ADA**

64.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 63 above as if fully restated herein.

65.

Plaintiff is disabled and/or perceived disabled by Defendants as defined under the ADA.

66.

Plaintiff was treated less favorably than similarly situated non-disabled employees with respect to the terms and conditions of her employment.

67.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights under the ADA, and acted in reckless disregard for Plaintiff's rights under the ADA.

68.

Pursuant to the ADA, Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

A. That the Court take jurisdiction of this matter;

B. That the Court award Plaintiff back pay and front pay in an amount to be determined at the trial of this case;

C. That the Court award compensatory damages in an amount to be determined by the trier of fact;

D. That the Court award Plaintiff punitive damages against Defendants in an amount to be determined by the trier of fact;

E. That the Court award Plaintiff his costs in this action and reasonable attorneys' fees';

F. That the Court grant to Plaintiff the right to have a jury trial on all issues triable to a jury; and

G. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 19th day of August, 2022.

                        CKesler Law, LLC
                        Attorneys for Plaintiff


By:   /S/CRYSTAL D. KESLER
       CRYSTAL D. KESLER
       GA State Bar No.: 668170
       ckesler@ckeslerlaw.com
       3645 Marketplace Blvd., Suite 130-497
       Atlanta, GA 30344
       (470) 371-6408 Phone
       (470) 300 – 7991 Facsimile

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document was prepared using 14-point Times New Roman font, one of the fonts and points.

# EXHIBIT A

| EEOC Form 161-B (01/2022) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |
|---|---|

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Mrs. Betty L. Stockdale<br>P.O. Box 129<br>Winston, GA 30187 | From: | Atlanta District Office<br>100 Alabama Street, SW, Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2020-02580 | **Carmen Bethune,**<br>**Federal Investigator** | **470-531-4801** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA):* You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** *of your receipt of this Notice.* Otherwise, your right to sue based on the above-numbered charge will be lost.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

                                            On behalf of the Commission

Enclosures(s)

Digitally Signed By: Darrell E. Graham
06/16/2022
**Darrell E. Graham**
**District Director**

cc: **Adam J Rocco**
**Vorys, Sater, Seymour and Pease LLP**
**ajrocco@vorys.com**

**Eric Leist**
**eeleist@vorys.com**

**Jeffrey League**
**Signet Jewelers**
**Jeffrey.League@signetjewelers.com**

**Crystal D Kesler**
**CKESLER LAW, LLC**
**ckesler@ckeslerlaw.com**